[No. 1712. Decided July 17, 1895.]

I. BLUMENTHAL et al., Respondents, v. PACIFIC MEAT COMPANY, Appellant.

PLEADING — WAIVER OF SUFFICIENCY — APPEAL — ABSENCE OF EXCEPTIONS — SUFFICIENCY OF EVIDENCE — ASSIGNMENT OF ERROR — JUDICIAL NOTICE.

Although a complaint may be subject to attack by motion or demurrer on the ground that it does not allege facts sufficient to state a cause of action, yet, if the objection thereto is not raised until after answer, the complaint will be held sufficient, if the facts stated will justify a recovery upon any theory upon which a right can be founded.

Where no exceptions are taken to the instructions it must be conclusively presumed that the cause was submitted to the jury upon proper issues and upon a theory warranted by the proofs; and if there is sufficient evidence upon any theory, which may be suggested

to support plaintiff's cause, a verdict in his favor will not be disturbed.

On appeal, witnesses who testify to the market price of cattle will be held to have been competent, where the errors assigned do not raise the question of their competency.

Judicial notice of the distance between Seattle and Puyallup and of their relation to each other will be taken by the court for the purpose of determining from the market price of cattle in one place what it must be in the other.

*Appeal from Superior Court, King County.*

*F. Campbell,* for appellant.

*Burt J. Humphrey, Ellis DeBruler,* and *W. H. Jackson,* for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—Respondents brought this action to recover damages for the alleged breach of a contract for the sale of neat cattle. The answer of appellant contained certain denials and set up certain facts by way of affirmative defense, which were denied by the reply. The trial resulted in a judgment for the plaintiffs, to reverse which this appeal has been prosecuted.

The appellant objected to the introduction of any evidence, for the alleged reason that the complaint did not state facts sufficient to constitute a cause of action. This objection was overruled, and such ruling furnishes the first ground upon which a reversal of the judgment is sought. A reversal is also sought upon the ground that the evidence was not sufficient to support the verdict.

If the sufficiency of the complaint is to be determined by the same rules, under the circumstances of this case as it would have been had it been seasonably attacked by a motion or a demurrer, there would be some grounds for the contention that it was insuffi-

cient.   But this is not the rule.   A complaint seasonably attacked by motion or demurrer will be held to be insufficient if the facts are not so stated as to clearly show the right of the plaintiff to recover, and upon what particular theory or reason such right is founded. But if tested after answer it will be held to be sufficient if the facts stated will justify a recovery upon any theory upon which a right can be founded.   Tested by the latter rule, the complaint was sufficient.   Such facts were set out as to show that there had been a violation of a contract made by the appellant with the respondents and that on account of such violation the respondents had been damaged.

As to the other questions, after the introduction of proofs by the respective parties, the court instructed the jury as to the rules which should govern in its determination of the questions submitted to them.   To these instructions no exceptions were taken, and it must follow that if the evidence was sufficient upon any theory which might be suggested, such verdict must stand.   If exceptions had been taken to the instructions of the court, it might have been our duty to have gone into the evidence somewhat in detail to determine whether or not the theory upon which the cause was submitted to the jury found support therein. But no fault having been found with the theory under which the cause was submitted to the jury, the only thing which we have to do is to see whether there was evidence which warranted the jury, upon the theory on which the cause was submitted, in finding for the plaintiffs.   That the evidence was sufficient to warrant a verdict for the plaintiffs under the instructions given, upon the theory that the market price of the cattle had been shown, is conceded by the appellant, except that it is claimed by it that the witnesses who

testified to such market price were not competent to so testify, and that the proof in relation thereto was as to the market value in Seattle instead of in Puyallup, where the cattle were to be delivered. The witnesses must be held to have been competent, for the reason that the errors assigned do not raise the question of their competency. The court will take judicial notice of the distance between Seattle and Puyallup and their relation to each other, from which it will be apparent that the market price for neat cattle would not be so different in the two places that evidence as to what it was in one would not be sufficient to show substantially what it was in the other.

Several other questions have been suggested in the brief of the appellant, but under the two alleged errors above stated, which are all that are contained in its brief, we are not called upon to say anything in reference thereto. That the cause was submitted to the jury upon proper issues and upon a theory warranted by the proofs, must be conclusively presumed for the reason that no exceptions were taken to the instructions, and we are of the opinion that the pleadings and proofs were sufficient to sustain the verdict rendered upon the issues and theory presented to the jury by such instructions.

The judgment must be affirmed.

Scott, J., concurs.

Anders, Dunbar and Gordon, JJ., concur in the result.